IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff, | | Honorable<br>United States District Judge |
| vs. | | Case No. CCB-97-0365 |
| STANLEY HALL,<br>  Defendant, | | |

DEFENDANT'S MOTION PURSUANT TO 18 U.S.C. § 3582(c)(2)
TO MODIFY OR REDUCE TERM OF IMPRISONMENT PURSUANT TO
U.S.S.G. §1B1.10(c) RELEVANT TO RETROACTIVE AMENDMENTS
TO THE SENTENCING GUIDELINES FOR CRACK COCAINE OFFENSES
AND REQUEST FOR HEARING FOR ALLOCUTION PURPOSES

NOW COMES the petitioner, Stanley Hall, pro-se, in the above styled cause, and request this honorable court to modify his sentence pursuant to Title 18 U.S.C. § 3582(c)(2), where the sentencing commission has made retroactive amendments to the sentencing guidelines relevant to crack cocaine offenses and the petitioner request a hearing for allocution purposes and resentencing for the same.

The petitioner states the following to wit in support:

The petitioner, having been convicted by way of a jury trial and sentence, March 5, 1999, in this court for the offense of (1) count of Conspiracy to Distribute Cocaine Base.

The petitioner is currently incarcerated at USP Coleman-1, at Federal Correctional Complex in Coleman, Florida, where he is serving said sentence imposed. The petitioner has set out the facts relevant to the retroactive amendments to the sentencing guidelines, of which warrant a modification of sentence below.

BACKGROUND AND PROCEDURAL HISTORY

The petitioner's presentence report (PSR) attributed him some 1.5 kilograms of crack cocaine for sentencing purposes, which determined the base offense level

1

to be 38. See, (PSR) at pg. 2. The petitioner was attributed an additional two (2) points for possessing a firearm during the commission of the offense. Id. pg. 3.

The petitioner also received additional four (4) points for Adjustments for role in the offense for being organizer or leader, and the petitioner received another two (2) points for Adjustments for role in the offense for used or attempted to use a person less than eighteen years of age.

The petitioner's overall base offense level in the PSR was determined to be a level 46. Id. pg. 3.

The District Court went on to attribute the petitioner the 1.5 kilograms of crack cocaine in order to sentence the petitioner to a mandatory life sentence.

## APPLICATION OF RETROACTIVE AMENDMENT 706

Title 18 U.S.C. § 3582(c)(2), states in part:

> "In the case of a defendant who has been sentence to a term of imprisonment based on a sentence range that has subsequently been lowered by the sentencing commission pursuant to 28 USC 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court, may reduce the term of imprisonment after considering the factor set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the sentencing commission."

Additionally, Section 1B1.10 of the Federal Sentencing Guidelines Manual, Captioned "Retroactivity of Amended Guideline range (policy Statement) is comatible with 18 U.S.C. § 3582(c)(2).

Section 1B1.10(a)(1) states in part:

> "In-General-In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in Subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy."

Both 18 U.S.C. § 3582(c)(2) and section 1B1.10 of the Federal Sentencing Guidelines are relevant to the petitioner's present request for modification of sentence, and must be applied.

The sentencing commission retroactive Amendment 706 is readily applicable here, as they went into effect on November 1, 2007, and outlined new procedures for calculating penalties in cases involving cocaine base (crack-cocaine), as well as certain criminal history factors.

In Amendment 706, the Commission amended the drug quantity table in §2D1.1 so that crack quantities triggering the five and ten year mandatory minimums are assigned base offense levels two lower than before. See, Amendment 706, U.S.S.G. § 2D1.1 (2007).

The Sentencing Commission's Amendment 711 made Amendments like 706 and others retroactive, and the petitioner seeks a hearing to have the retroactive amendment applied to his case, and to have the court apply the advisory guidelines of **U.S. v. Booker**, 543 U.S. 220 (2005), along with the courts duty and obligation to first correctly determine the applicable guideline range as established by the Supreme Court in **Kimbrough v. U.S.**, 128 S.Ct. 558, 566-69 (2007). The petitioner's arguments are set out below.

### DETERMINATION OF THE PETITIONER'S CORRECT BASE OFFENSE LEVEL PURSUANT TO AMENDMENT 706 AND ADDITIONAL FACTS FOR RESENTENCING

The petitioner's previous base offense level was determined to be a level 38 by the probation office, where the probation office relied on some 1.5 kilograms of crack cocaine, which was attributable to the petitioner for sentencing purposes.

Applying the two level reduction pursuant to Amendment 706, the petitioner's base offense level is now a level 36, which would warrant a sentence of 235 to 293 months, when being sentenced in criminal history category 3.

### STATUTORY CONSTRUCTION OF TITLE 21 U.S.C. § 841(b)(1)(c)

Relevant to statutory construction, the Supreme Court has long since established the law that it is an elemental canon of statutory construction that where a statute

expressly provides a particular remedy or remedies, a court must be chary of reading others into it. See, **Tran America Mortgage Advisors, Inc., v. Lewis,** 444 U.S. 11, 19-20, 100 S.Ct. 242, 247, 62 L.Ed.2d 146 (1979).

As an additional fundamental canon of statutory construction, it is established law that unless otherwise defined, words of a statute will be interpreted as taking their ordinary, contemporary, common meaning. See, **Perrin v. U.S.,** 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979).

Of overall importance, in determining the proper interpretation of a statutory provision, courts must view the provision in the context of the statute as a whole.

See, **Dolan v. U.S. Postal Service,** 546 U.S. 481, 126 S.Ct. 1252, 1257, 163 L.Ed.2d 1079 (2006).

The law established on statutory construction is applicable to the principles of Title 21 U.S.C. § 841, and leads to the conclusion that when an indictment charging violations of §§841(a) and 846 fails to allege a specific drug quantity, any sentence in excess of twenty (20) years is reversible error, pre-se, for resentencing within the statutory maximum prescribed by § 841(b)(1)(c). See, Title 21 U.S.C. § 841(b)(1)(c).

In the present case, the petitioner was charged with one (1) drug offense in the indictment in violation of 21 U.S.C. §§ 841(a) and 846, and none of the drug offenses charged in the indictment stated a specific drug quantity. See, Charging Indictment.

The jury was not instructed to determine any specific drug quantity related to the charge in the indictment during the jury instructions, nor was the jury instructed to determine any specific drug type related to and/or involved in the charge at hand.

Of other importance, the jury was not given a special verdict form to choose a specific drug quantity or type involved in the one (1) count charged in the indictment. Id.

Prior to the petitioner's sentencing, the presentence report attributed him some

4

1.5 kilograms of crack cocaine then later the district court sentenced the petitioner to a life sentence, and exceeded the ststutory maximum of twenty (20) years that the petitioner could receive because of the indictment's failure to charge a specific drug quantity in petitioner's indictment.

Pursuant to statutory construction of § 841(b)(1)(c), the petitioner's base offense level should have started at level twelve (12) given the fact that no drug quantity was charged in the indictment and no minimum mandatory sentence could be imposed on him.

At the time of the petitioner's sentencing, and at the present time, the district court could not impose a sentence of more than twenty (20) years on him pursuant to the statutory construction of § 841(b)(1)(c), and no more than a thirty (30) year sentence if the petitioner had prior qualifying drug offense.

At the present time, this court must resentence the petitioner pursuant to the Sentencing Commission retroactive Amendment 706, and afford him the two (2) level reduction. In doing so, the court must first correct the error of statutory construction that has occurred, and order a presentence report prepared that reflects a base offense level of (12) for his drug offense charged in the indictment because no drug quantity was charged in the indictment.

Such is requred pursuant to 21 U.S.C. § 841(b)(1)(c).

REQUEST FOR CORRECTION OF SUBSTANTIAL RIGHTS
VIOLATIONS OF THE FIFTH AND SIXTH AMENDMENTS
WHEN REDUCING PETITIONER'S SENTENCE

The petitioner, having presented this honorable court with the present motion requesting reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), relevant to retroactive Amendments to the sentencing guidelines, contends that this honorable

court has duty and obligation to correct the substantial rights violations of the Fifth and Sixth Amendments that have occurred when reducing petitioner's sentence.

The petitioner has set out his argument and memorandum of law below.

The petitioner brings to the court's attention that the law has been long since established that courts have a duty to correct violations of substantial rights whenever it appears that a substantial right has been violated. See, Swan V. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 15 (1971). The petitioner seeks a decision with substantial justice, that being the result of a case which essential rights were not disregarded nor denied, of which he is entitled. See, Kotteakos v. U.S., 328 U.S. 750, 90 L.Ed.2d 1557, 66 S.Ct. 1239 (19___).

Relevant here, is the Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466, 489-90, 120 S.Ct. 2848, 147 L.Ed.2d 621 (2000), where the Supreme Court established the law that "any fact increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." Id. Apprendi, 590 U.S. at 490.

Also, the Supreme Court's ruling in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), reaffirmed Apprendi and applied it to facts permitting a sentence in excess of the "standard range", and clarified that the statutory maximum judge may impose for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reported in the jury's verdict or admitted to by the defendant. Id. Blakely, 542 U.S. at 304-314.

The Supreme Court's ruling in U.S. v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), invalidated the mandatory Federal Sentencing Guidelines and made them advisory, then reaffirmed the ruling in Apprendi, further clarifying that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved beyond a reasonable doubt. Id. Booker, 543 U.S. at 227, 233-34.

The petitioner contends that retroactivity of the Supreme Court's rulings in **Apprendi**, **Blakely**, and **Booker** is not an issue for discussion given the facts that the petitioner is before the court and has suffered violations of his substantial rights under the Fifth and Sixth Amendments of the Constitution in light of the rulings.

The Supreme Court has long since established the law that errors that violate substantial rights cannot be disregarded. See, **Olano v. U.S.**, 507 U.S. 725, 123 L.Ed.2d 508, 113 S.Ct. 1770 (1993).

Given the established law of the court's duty and obligation to correct constitutional violations, coupled with the established law that errors that violate substantial rights cannot be disregarded, the violations of the petitioner's Fifth and Sixth Amendment substantial rights that occurred in light of the rulings in **Apprendi, Blakely,** and **Booker,** must be corrected.

Additionally, the Supreme Court's ruling in **Kimbrough** is applicable to the petitioner's request for reduction in sentence.

The Supreme Court established in **Kimbrough** that a district court judge may consider the disparity between guidelines' treatment of crack and powder offenses as a factor for reducing a defendant's sentence. Id. **Kimbrough v. U.S., supra.**

The Supreme Court's ruling in **Gall** reaffirmed the fact that the district court can deviate from the guidelines range in sentencing defendants, in concert with **Kimbrough.**

The petitioner request that the court make the **Kimbrough** and **Gall** determinations in reducing his sentence, relevant to the crack cocaine attribute to him.

As the law is now established, the district court must first correctly calculate the applicable guideline range in sentencing the defendant. See, § 5G2.0, U.S.S.G. (2005).

The Guidelines are the starting point and initial benchmark but are not the only consideration. After permitting both parties to argue for a particular sentence, the

judge should consider all of 18 U.S.C. § 3553(a)'s factors to determine whether they support either party's proposal.

The court may not presume that the guidelines range is reasonable but must make an individualized assessment base on facts persented. Id., **Gall, pg. 11-14.**

In the instant case, determining the petitioner's base offense level and/or guidelines range starts from the facts charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt.

The petitioner's indictment did not charge a specific drug quantity in any of the drug offenses, and no specific drug quantity was submitted to the jury and proven beyond a reasonable doubt.

Because the indictment failed to charged a specific drug quantity, coupled with the jury's failure to determine a specific quantity of drugs in determining guilt, the petitioner's base offense level should start at a level twelve (12), and he faces a maximum sentence of twenty (20) years pursuant to § 841(b)(1)(c). Id. § 841(b)(1)(c).

In order for the minimum mandatory sentences of five (5) and ten (10) years to be triggered, the indictment must first charge the required amounts, and the jury must have determined guilt on the same. See, **U.S. v. Westmoreland,** 240 F.3d 618, 632 (7th Cir. 2001) and **U.S. v. Rogers,** 228 F.3d 1318, 1327 (11th Cir. 2000).

A base offense level of twelve (12) in criminal history category three (3) would warrant a sentence of 15 to 21 months.

See, Sentencing Table U.S.S.G.. The 15 to 21 months would be the guideline range and the maximum sentence that the court could impose on the petitioner as established in **Blakely.** Id. **Blakely,** 542 U.S. at 303.

Constitutional **Booker** error has occurred in the present case, where the district court has used extra verdict facts, such as drug type and quantity, and possessing a firearm during the conspiracy offense, to enhance the petitioner's sentence. Id. **Booker,** 543 U.S. at ___.

8

As set out in **Booker**, the Sixth Amendment requires juries, not judges, to find facts relevant to sentencing. Id. The Eleventh Circuit has only recently addressed a similar matter and remanded the case back to the district court for resentencing. See, **U.S. v. Phillips**, 2006 U.S. App. LEXIS 10812, April 26, 2006.

The Fifth Amendment jury trial right authorized punishment contingent on the finding of a fact that must be found by a jury beyond a reasonable doubt. See, **U.S. v. McCoy**, 266 F.3d 1245, 1260 (11th Cir. 2001).

The Fifth and Sixth Amendment right violations that has occurred here, must be corrected at this time in concert with the reduction of the petitioner's sentence, in order to correct the substantial right violations that have occurred. Also, in order to prevent a manifest injustice, the petitioner must be afforded the relief requested.

The entire sentencing package of the present case must be vacated, and the petitioner must be resentenced.

### REQUEST FOR EVIDENTIARY HEARING FOR RESENTENCING AND ALLOCUTION PURPOSES

The petitioner contends that an evidentiary hearing is warranted for resentencing and allocution purposes, as the entire sentencing package must be vacated, in light of the sentencing reduction pursuant to Title 18 U.S.C. § 3582(c)(2), and the constitutional errors being presented that must be corrected. See, **U.S. v. Taylor**, 11 F.3d 149, 151 (11th Cir. 1994).

The court's failure to schedule an evidentiary hearing for resentencing purposes will deprive the petitioner of his right to be present and make statements relevant to resentencing.

In order for the court to be in compliance with Rule 32(a)(1)(c) and Rule 43(a) of the Federal Rules of Criminal Procedure, the court must schedule an evidentiary hearing for resentencing purposes. See, Rule 32(a)(1)(c) and 43(a), Federal Rules of Criminal Procedure.

## CONCLUSION

Wherefore, the petitioner request this honorable court to vacate his entire sentencing package upon entertaining his motion seeking a reduction of sentence pursuant to retroactive Amendment 706, and the petitioner request the court to correct the substantial right violations that have occurred.

The petitioner also request the court to schedule an evidentiary hearing for resentencing purposes.

The petitioner request any other relief the court deems just and proper.

## CERTIFICATE OF SERVICE

I, Stanley L. Hall Jr, hereby certify that I have served a true and correct copy of the following document(s):

> Petitioner's Motion Pursuant to Title 18 U.S.C. Section 3582(c)(2), Requesting Sentence Modification for Crack Cocaine Offenses Relevant to Retroactive Amendments to the Sentencing Guidelines and Request for Hearing for Allocution Purposes.

which, pursuant to **Houston v. Lack,** 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379 (1988), is deemed filed at the time that it was delivered to prison authorities for forwarding to the Court and service upon parties to litigation and/or their attorney(s) of record.

I placed the above-referenced material in a seal envelope with first-class postage affixed, address it to:

Clerk of The Court For
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

OFFICE OF THE U.S. ATTORNEY
CHRISTINE MANUELIAN, ESQ.
101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201

and deposited the envelope in the legal mailbox at FCC Coleman U.S. Penitentiary-1 for collection and mailing via the U.S. Postal Service on this 5 day of May 2008, 2008.

Stanley Hall

_____
Stanley Hall, Jr.
#32930-037
Federal Correctional Complex-USP 1
P.O. Box 1033
Coleman, Florida 33521